# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00569-CR

**Kevin Ratliff, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 424TH DISTRICT COURT OF LLANO COUNTY
### NO. CR7557, THE HONORABLE EVAN C. STUBBS, JUDGE PRESIDING

## C O N C U R R I N G   A N D   D I S S E N T I N G   O P I N I O N

While I join most of the Court's opinion, I cannot agree that this trial court's erroneous instruction, over objection, relieving the State of proving one element of the offense, is harmless under *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). I respectfully dissent as to issue three and would reverse and remand for that reason.

A properly preserved jury charge error, coupled with *some* harm, warrants reversal of a conviction. *Id.* This Court has held that an instruction including a nearly identically worded non-statutory definition of "public servant" is error:

> Although the trial court's instruction was a correct, neutral statement of the law regarding police officers as public servants and merely incorporated existing case law, it impinged on the jury's fact-finding authority by "improperly tell[ing] the jury how to consider certain evidence before it." Further, while the instruction set forth in the charge is an appropriate definition for an appellate court to apply in assessing the sufficiency of the evidence to support the "public servant" element,

instructing the jurors as to that definition in this case impermissibly guided their understanding of the term.

*McIlvennia v. State*, No. 03-14-00352-CR, 2016 WL 3361185, at *6 (Tex. App.—Austin June 10, 2016, pet. ref'd) (mem. op., not designated for publication) (footnote and internal citations omitted; alteration in original).

The majority holds that two *Almanza* factors weigh in favor of a finding of harm and yet that no harm exists because "the undisputed testimony and other evidence overwhelmingly established that [Appellant] was a public servant" under the second *Almanza* factor.[1] *Ante* at _____. However, this analysis falls short of the full review required. As the Court of Criminal Appeals explained in *Reeves v. State*, the second factor is not a review of *one* element of the charged offense, but whether the evidence of guilt of the charged offenses was overwhelming:

> Appellant testified to facts that, if believed, would have supported his self-defense claim. However, other witnesses testified to another set of facts that, if believed, supported appellant's conviction for murder. As an appellate court, we will not weigh in on this fact-specific determination, as that is a function reserved for a properly instructed jury. We do, however, agree with the court of appeals that "the evidence of guilt was not so overwhelming that the erroneous provocation instruction was harmless."

420 S.W.3d 812, 820 (Tex. Crim. App. 2013) (footnotes omitted); *accord Elizondo v. State*, 487 S.W.3d 185, 209 (Tex. Crim. App. 2016).

---

[1] The majority's error analysis cites *Carr v. State*, No. 14-09-00322-CR, 2010 WL 2835663, at *9 (Tex. App.—Houston [14th Dist.] July 20, 2010, pet. ref'd) (mem. op., not designated for publication), for support, but *Carr* is distinguishable as the Fourteenth Court of Appeals was faced with an "egregious harm" review, and not the "some harm" review we are tasked with in this case. *Id.* at *6.

Here, while there may be overwhelming evidence of Appellant's status as a peace officer, the evidence of Appellant's guilt for official oppression and tampering with a governmental record is not so overwhelming as to render the erroneous instruction harmless. Appellant's statement to law enforcement, admitted at trial, included facts that, if believed, supported his defense that he believed that the arrest of Nutt was lawful, and therefore he could not have knowingly committed the charged offenses. However, other witnesses testified to other facts that, if believed, supported Appellant's conviction for official oppression and tampering with a governmental record. Like the Court of Criminal Appeals in *Reeves*, we should "not weigh in on such a fact-specific determination, as that is a function reserved for a properly instructed jury." 420 S.W.3d at 820. Thus, I would not hold that the evidence of Appellant's guilt was so overwhelming that the erroneous public servant definition was harmless. I would hold instead that the second *Almanza* factor weighed in favor of some harm. This, coupled with the majority's holdings that two of the other factors weigh toward a finding of some harm, with the fourth inconclusive, would warrant reversal under the "some harm" standard for objected-to jury charge error.

"Some" harm must mean something. "Unless *all* harm was abated, appellant suffered 'some' harm." *Miller v. State*, 815 S.W.2d 582, 586 n.5 (Tex. Crim. App. 1991) (emphasis in original). When a trial court instructs jurors to find at least one of the elements of an offense met, it has relieved the State of part of its burden. To assume this had no effect on the jury

3

when it considered the remaining elements is not a leap of faith that I am willing to take in this case.  I respectfully dissent.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly

Filed:   February 14, 2020

Publish